ESTATE of Walburga HEDRICK, Deceased, aka Walburga Oesterreich, Ray Bert Hedrick, Executor, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 26292.

United States Court of Appeals, Ninth Circuit.

April 14, 1972.

Rehearing Denied June 28, 1972.

Charles I. Rosin (argued), Los Angeles, Cal., for petitioner.

Michael Paup (argued), William Massar, Meyer Rothwacks, Johnnie Walters, Asst. Atty. Gen., K. Martin Worthy, Washington, D. C., for respondent.

Before CHAMBERS and JERTBERG, Circuit Judges, and CROCKER, District Judge.*

PER CURIAM:

The decision of the Tax Court, pursuant to our Estate of Hedrick v. Commissioner of Internal Revenue, 406 F.2d 587 (9th Cir., 1969), is affirmed.

On remand, the Tax Court, in reconstructing the transaction, adopted as to the Hedrick Estate a rate of 7%. This resulted in establishing an original sale value, as reconstructed of an amount about twice the actual cash value of the property at the time of sale.

---

* The Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

1. Earlier decisions concerned with the same transaction are Oesterreich v. Commissioner of Internal Revenue, 226 F.2d 798 (9th Cir. 1955), Commissioner of Internal Revenue v. Wilshire Holding Corp., 288 F.2d 799 (9th Cir. 1961), and Estate of Hedrick v. Commissioner of Internal Revenue, 406 F.2d 587 (9th Cir. 1969).

We find the decision complies with our mandate. The present objections of the Hedrick Estate are primarily directed at our prior opinion, which has become the law of the cases.[1]

Dan A. ALDRIDGE d/b/a Dan A. Aldridge & Associates, Plaintiff-Appellee,

v.

UNION BANKERS INSURANCE CO., Defendant-Appellant.

No. 72-1109

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 13, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

With leave to the defendant-appellant to move the district court under Fed.R. Civ.P. 60(b) for relief from the interest provision contained in the final judgment entered on October 22, 1971,[1] we affirm. See Local Rule 21.[2]

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. 431 F.2d 409, Part I (5th Cir. 1970).

1. The judgment mirrors the language of the jury verdict allowing interest upon the principal contract amount, rather than on the commission amount which was in suit. Both parties concede that this was due to mistake or inadvertence.

2. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).