Quincy LAIRSEY and Frances Lairsey,
Plaintiffs-Appellants,

v.

The ADVANCE ABRASIVES COMPANY,
Defendant-Appellee.

No. 75–8164.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1976.

Edward E. Boshears, Brunswick, Ga., for plaintiffs-appellants.

J. Thomas Whelchel, Brunswick, Ga., Joseph A. Sherman, Kansas City, Mo., for defendant-appellee.

Before GODBOLD, McCREE * and TJOFLAT, Circuit Judges.

GODBOLD, Circuit Judge:

More than four months after timely filing notice of appeal appellants filed a Rule 60(b)(1) motion [1] in the district court pointing out a post-judgment change in the controlling decisional law of Georgia. The district court denied the motion on the ground it was untimely because not filed within the period allowed for perfecting a timely appeal. We hold that the motion was timely filed within the provisions of Rule 60(b) and remand the case to the district court for consideration of the motion.

* Of the Sixth Circuit, sitting by designation.

1. Rule 60(b)(1):

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

2. The merits appeal was not stayed while the district court acted. This court carried with the merits appeal the motion for leave to appeal from the Rule 60 denial. The panel to

August 1, 1974, the district court jury was charged that the defendant manufacturer was responsible only for its negligence as a basis for liability to plaintiffs for injuries resulting from an exploding grinding wheel. The jury verdict was for defendant. After denial of a motion for new trial, plaintiffs timely filed notice of appeal on October 24. On January 29, 1975, the Supreme Court of Georgia in *Ellis v. Rich's, Inc.*, 233 Ga. 573, 212 S.E.2d 373 (1975) ruled that Georgia allowed actions to be brought under a strict liability theory pursuant to Ga.Code Ann. §§ 105–106 (1968), and thus overruled lower court cases to the contrary. See *Poppell v. Waters*, 126 Ga.App. 385, 190 S.E.2d 815 (1972); *Stovall & Company v. Tate*, 124 Ga.App. 605, 184 S.E.2d 834 (1971). See also, *Whitaker v. Harvell-Kilgore Corp.*, 418 F.2d 1010 (C.A.5, 1969). On March 10, 1975, at which time their appeal was still pending in this court, plaintiffs filed their Rule 60 motion asking the district court to vacate its judgment and order a new trial because of a mistake of law. The district court denied the motion on the ground that a motion to vacate based on a change in decisional law must be filed within the time allowed for perfecting timely appeal. Plaintiffs requested leave for an interlocutory appeal.[2]

In *Meadows v. Cohen*, 409 F.2d 750 (C.A.5, 1969), this court held that a mistake of law is a mistake correctable under 60(b)(1). Later in *Oliver v. Monsanto Company*, 56 F.R.D. 370 (S.D.Tex., 1972), the district court applied this principle to a post-judgment change in governing decisional law. We affirmed per curiam on the

which the merits appeal was assigned entered no specific order granting leave to appeal but considered the matters consolidated, which, under the circumstances, had the effect of leave. *Lairsey v. Advance Abrasives Co.*, 528 F.2d 991, 992 n. 1 (C.A.5, 1976). The court did not give notice of the consolidation. When the two matters came on before an oral argument calendar they had to be severed. The panel affirmed on the merits and vacated the consolidation so that the Rule 60 matter could be separately heard. *Id.* Certainly this kind of confusion is atypical.

opinion of the district court. *Oliver v. Monsanto Company*, 487 F.2d 514 (C.A.5, 1973). Accord, *Tarkington v. U. S. Lines Co.*, 222 F.2d 358 (C.A.2, 1955). We think that neither the rule itself nor our decisions inflexibly required that in this case the Rule 60 motion raising a post-judgment change in decisional law had to be filed before the time allowable for appeal had run.

Rule 60(b) states:

The motion shall be made within a reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken.

It makes no mention of the period for noticing appeal or of whether notice of appeal has been filed. Instead it sets up an outside time limit of one year, which plaintiffs in this case easily met, and prescribes a "reasonable time" standard which by its nature invites flexible application in varying situations. As Professors Wright and Miller state:

"What constitutes reasonable time must of necessity depend upon the facts in each individual case." The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and they consider whether the moving party had some good reason for his failure to take appropriate action sooner.

11 Wright & Miller, Federal Practice & Procedure § 2866, at 228–29 (footnote omitted). While the district court did not expressly decide that plaintiffs' motion was not made within a reasonable time, it did so implicitly. Its conclusion can be justified only if we are willing to treat as irrelevant the realities which in cases such as this confront individual litigants and the courts, trial and appellate.

In some instances involving "fundamental misconceptions of law" by trial courts, the courts have followed a general working rule that 60(b)(1) motions should be made before the period for noticing appeal has expired. See 11 Wright & Miller, Federal Practice & Procedure § 2858, at 178–80. Fifth Circuit cases mention the time for noticing appeal as a relevant interval in determining timeliness. But none of our cases clearly states that it is the invariable rule that later motions are untimely, even in the "fundamental misconception" category. Instead, these cases hold only that a motion made within the time period for noticing appeal is timely. See *Sommer Corp. v. Panama Canal Co.*, 475 F.2d 292, 299 (C.A.5, 1973); *Oliver v. Monsanto Company, supra; Oliver v. Home Indemnity Co.*, 470 F.2d 329, 331 (C.A.5, 1972); *Meadows v. Cohen, supra*, at 752 n. 4. That later motions were not deemed automatically untimely is indicated by the court's statement in *Meadows:*

It is the view of this Court that under the present rule, a court is authorized under subsection (1) to correct a substantive "mistake" of its own, if motion is made within a reasonable time, which would *clearly encompass* a time not exceeding the time allowed for appeal.

409 F.2d at 752 n. 4 (emphasis added). Had the court deemed the time for appeal a rigid and established limit for 60(b) motions, there would have been no need for the "clearly encompass" language.

Limiting the time for filing a 60(b) motion to the period allowed for noticing appeal is an artificial choice based upon convenience, not truly a matter of jurisdiction. In a strict sense filing notice of appeal ousts jurisdiction from the trial court and vests it in the appellate court, without regard to whether the notice is filed before the allowable time has expired. If the matter really were one of jurisdiction, there would be no retained power in the district court once the notice of appeal was filed. But this circuit, along with other circuits and the commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal. *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697 (C.A.5, 1955); *Oliver v. Home Indemnity Co., supra*, at 331; 11 Wright & Miller, Federal Practice & Procedure § 2873, at 265–66.

The courts have rejected other asserted per se limitations on "reasonable time" un-

der 60(b), i. e., the time limits for a motion for new trial and the concept of expiration of a "term" of court. 11 Wright & Miller, Federal Practice & Procedure § 2866, at 227. *Daly v. Stratton,* 304 F.2d 666 (C.A.7), *cert. denied,* 371 U.S. 934, 83 S.Ct. 306, 9 L.Ed.2d 270 (1962). An inflexible "time allowable for appeal" limitation would permit relief from minor errors of various kinds over longer periods of time than relief from fundamental matters, an incongruous result out of keeping with the equitable purpose of Rule 60. Also it would drain substantial vitality out of the concept that relief from post-judgment change in decisional law is an appropriate subject for 60(b) relief, because the only post-judgment changes giving rise to relief would be those taking place within a very short time after judgment.

Permitting a party to make a Rule 60(b) motion after the time for appeal has run will indirectly extend the time in which to seek review since the ruling on the motion can be appealed. *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127 (C.A.5 1975); 7 Moore, Federal Practice ¶ 60.22[3]. However, cases such as the present will be unusual. More significantly, allowing the district court to consider the motion may be more efficient in the long run. The Georgia court is better able than we to decide the retroactivity of *Ellis v. Rich's, Inc.* Furthermore, in some instances a decision by the district court on the motion will wash out the appeal. Permitting the district court to have the first bite at the issue is a direct way of reaching a problem which otherwise can be attacked circuitously—if the motion were addressed to this court we could remand with directions to the district court to consider it, or we could affirm subject to the district court's considering the motion. *Aldridge v. Union Bankers Insurance Co.,* 457 F.2d 501 (C.A.5, 1972).

In *Burnside v. Eastern Airlines, Inc., supra,* we perhaps forecast our present conclusion. There plaintiff's complaint was dismissed on January 18, 1974. He filed no appeal but some seven months later filed a 60(b) motion. It was denied. Plaintiff again failed to appeal and instead five months later filed a second 60(b) motion. That too was denied, and he appealed. We affirmed the second denial. Our ground was not that the first 60(b) motion had to be filed within the time allowed for appeal from the dismissal order but rather that the second motion was an attempt to use 60(b) as a substitute for a timely and proper appeal. We observed:

> The proper course of action for plaintiff Burnside, at best, would have been to file a notice of appeal within thirty days of the district court's granting of the motion to dismiss. At a minimum, the filing of notice of appeal in the district court after denial of the initial Rule 60(b) motion might well have afforded plaintiff some relief. Had plaintiff pursued the latter, appellate review would be limited to the district court's exercise of discretion in denying the Rule 60(b) motion, and would not have extended to consideration of the motion to dismiss granted on January 18, 1974.

519 F.2d at 1128. If the rule applied by the trial court in the present case were correct, plaintiff Burnside could have had no possibility of relief by appeal from denial of his first motion nor could there have been appellate review of exercise of discretion. The motion would have failed at the threshold because untimely.

This is not a case in which a 60(b) motion is being used as a substitute for appeal. There was no basis for appeal so long as *Whitaker* and *Poppell* stood. Of course, there is an important interest in finality of litigation. But Rule 60 itself addresses the issue by placing an outside limit of one year on motions. Presumably it was the rulemakers' belief that beyond that point the system's need for finality would prevail, while within that period, through the "reasonable time" criterion, the interest of finality would be considered in conjunction with the practical abilities of litigants to become aware of possible grounds for 60(b) relief. Also the interest of finality has less force where the litigation has not terminated but is still pending on appeal. There is also an interest in simplicity of application.

But, as we have already pointed out, what may appear to be simplicity may actually be the least efficient approach to the problem. In any event, however significant simplicity is, Rule 60 itself sacrifices some simplicity to achieve greater equity through the "reasonable time" test. It is not for us to strike the balance differently.

■ Having concluded that the time allowable for appeal was not a per se limitation, we turn to the question of what was reasonable under the circumstances of this case. At the time of trial plaintiffs were faced with three decisions, one by this court, holding that Ga.Code Ann. §§ 105–106 did not impose strict liability in tort in Georgia. Given this state of the law, it is not surprising that plaintiffs did not press a strict liability claim before the trial court by way of a 60(b) motion during the period for noticing appeal. Any such attempt would have been summarily rejected on the authority of *Whitaker*, which the trial court was bound to follow. It was only when the Georgia Supreme Court announced its decision in *Ellis v. Rich's*, several months after the time to notice an appeal on the point had passed, that any realistic basis for a 60(b) motion existed.

■ What should a trial court do, in the position of the district court in this case, when a Rule 60(b) motion is filed after appeal has been noticed? Certainly the movant should give notice to the appellate court that the motion has been filed and request that no action be taken on the appeal.[3] As we have already pointed out, the district court can deny the motion. If inclined to grant the motion, it so indicates and the movant can then apply to the appellate court for remand for the trial court to enter its order. *Ferrell v. Trailmobile, supra.* These suggestions are not, however, a judicial tightrope to be walked at peril. Where the litigant has timely initiated pro-

cedure for relief, he should not be penalized for choice of the "wrong" procedure. There should be an opportunity for the district court in the first instance to reach the merits of the motion and either deny it, or, if the motion is to be granted, seek authorization to grant it. The court of appeals should be kept informed of what is occurring so that it can take appropriate action with respect to the pending appeal.

Summarizing, we hold that the time allowable for taking an appeal did not cut off plaintiffs' right to file a Rule 60(b) motion and that plaintiffs' motion was filed within a reasonable time and was therefore timely under Rule 60(b).

REVERSED and REMANDED for further proceedings.

---

3. There need be no motion in the court of appeals for leave to file the Rule 60(b) motion in the district court, or for leave to the district court to consider it. See discussions at 11 Wright & Miller, Federal Practice & Procedure § 2873, at 269–70, and 7 Moore, Federal Practice ¶ 60.30[2], at 419–24.