**Janis M. WILSON and Gerard G. Richardson, in behalf of themselves and others similarly situated, Plaintiffs-Appellants,**

v.

**John R. THOMPSON, Individually and in his official capacity as solicitor of the State Court of DeKalb County, Defendant-Appellee.**

No. 80-7242.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 2, 1981.

Rehearing Denied April 27, 1981.

Joseph H. King, Jr., Atlanta, Ga., for plaintiffs-appellants.

George P. Dillard, Decatur, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, and HATCHETT, Circuit Judge, and MARKEY *, Chief Judge.

HATCHETT, Circuit Judge:

In this appeal, we must decide whether the district court abused its discretion in denying appellants' motion, brought under Federal Rule of Civil Procedure 60(b), for relief from its denial of an injunction. Since we conclude that the district court properly found that the newly discovered evidence underlying this motion was merely cumulative of previously considered evidence and showed no fraud by an adverse party, we affirm its denial of the motion for modification of the prior order.

We have presented the underlying facts of this case in our two prior decisions in the case, *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979) and *Wilson v. Thompson,* 638 F.2d 799 (5th Cir. 1981). For purposes of this third appeal, only the following circumstances are relevant.

After remand by this court in *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979), the district court denied appellants an injunction against state prosecution, and appellants appealed that denial. Appellants then moved the district court for reconsideration of its decision following the discovery of new evidence. This evidence consisted of a secretly recorded conversation between appellants' attorney and the prosecuting officer which occurred several weeks after the district court's denial of an injunction and the filing of appellants' appeal. Appellants attached to their motion for relief an affidavit of their attorney which explained his

---

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

understanding of that conversation. Appellants allege that this conversation constitutes "newly discovered evidence" within the meaning of Federal Rule of Civil Procedure 60(b)(2) as well as proof of "fraud . . . of an adverse party" within the ambit of Federal Rule of Civil Procedure 60(b)(3).[1]

The district court considered a summary of the contents of the tape recording offered by appellants' attorney. The court ruled "that even upon the representations by counsel with respect to the contents of the tape, they do not amount to a sufficient cause for reconsideration . . . ." A written order confirmed this denial "for reasons stated in open court." From this order appellants now appeal.

Our approach to appellants' second appeal requires us to decide only two issues, one procedural, the other substantive. We must first decide whether the district court lacked jurisdiction to consider appellants' Rule 60(b) motion because appellants' appeal of the denial of an injunction removed jurisdiction from the district court. If we conclude that the district court retained jurisdiction to entertain the Rule 60(b) motion and that this appeal is otherwise properly before us, we must then decide whether the district court abused its discretion in concluding that the recorded conversation provided insufficient basis for altering the prior court order.

This circuit has decided that a district court retains jurisdiction to consider and deny a Rule 60(b) motion filed after the perfection of an appeal of the original decision. *Lairsey v. Advanced Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976). Though the circuits differ on this jurisdictional issue, *see Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39 (1st Cir. 1979), *Lairsey* makes clear that in this circuit the district court retains jurisdiction to consider appellants' motion for reconsideration:

"this circuit, along with other circuits and the commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal." 542 F.2d at 930.

■ Rule 60(b) does require that appellants move for reconsideration on the basis of newly discovered evidence or an opponent's fraudulent conduct "within a reasonable time." Fed.R.Civ.P. 60(b). This is a determination governed by the facts of each case. *Lairsey v. Advanced Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976). Appellants met this requirement since they brought their Rule 60(b) motion within a month of the recorded conversation which they offer as new evidence and proof of fraud.

■ The district court's denial of appellants' Rule 60(b) motion constitutes a final, appealable order under 28 U.S.C. § 1291. *Cromelin v. Markwalter*, 181 F.2d 948 (5th Cir. 1950); *accord, Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833 (5th Cir. 1980). We are satisfied with the procedural propriety of this appeal: appellants timely filed their Rule 60(b) motion in the district court; the district court retained jurisdiction to deny this motion; and this court possesses jurisdiction to review that final order.

■ Turning to the second, substantive issue presented by this appeal, we note that the scope of our review of the denial of appellants' Rule 60(b) motion is extremely limited. In cases such as this, involving a discretionary appraisal of evidence, the determination of the district court is subject to review only for an abuse of discretion. *See Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975); 7 J. Moore Federal Practice ¶ 60.30[1], at 418–19 (2d ed. 1976). Where the district court has made findings of fact,

---

1. Rule 60(b), in pertinent part, provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

    \*    \*    \*    \*    \*    \*    \*

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .

this court will not set them aside unless appellants bear the burden of demonstrating that they are clearly erroneous. *United States v. Harrison County, Miss.*, 463 F.2d 1328 (5th Cir. 1972).

After carefully examining the record in this case, we cannot say that the district court abused its discretion in concluding that appellants' "newly discovered evidence" failed to provide sufficient cause under Rule 60(b)(2) for reconsideration of its prior order. The recorded conversation is merely cumulative in its tendency to support the testimony of one of appellants' witnesses in the prior trial, a reporter for an Atlanta newspaper. The court did not err in concluding that such evidence would have failed to alter the outcome of that trial, as required by part two of Rule 60(b). *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141 (5th Cir. 1975), *rev'd on other grounds*, 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976).

Our examination of the recorded conversation also persuades us that the district court properly concluded that appellants failed to prove "fraud ... of an adverse party" so as to merit relief under part three of Rule 60(b). We recognize that a party moving under Rule 60(b)(3) may prevail without showing that the alleged fraud affected the outcome of the prior trial. *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978). Yet a Rule 60(b)(3) movant does bear the burden of proving the asserted fraud, and this burden is the heavy one of proof by clear and convincing evidence. *Id.* The district court did not abuse its discretion in concluding that appellants failed to prove appellee's asserted perjury. Viewed in context, appellee's statement in the recorded conversation that "the whole damned truth wasn't told" during the trial constitutes no more than an admission that appellee acted on the advice of counsel in refusing to proffer testimony on matters outside the scope of his examination while on the witness stand. In the absence of clear and convincing proof of fraud, the district court properly denied appellants' motion for relief under Rule 60(b)(3).

Because the district court properly found that the newly discovered evidence offered by appellants was merely cumulative of previously considered evidence and showed no fraud by an adverse party, we hold that the district court committed no abuse of discretion in denying relief from its prior decision under Federal Rule of Civil Procedure 60(b)(2) and (3).

AFFIRMED.