751 F.Supp. 606 (1990)
UNITED STATES of America
v.
STATE OF LOUISIANA: Lousiana State Board of Education, Edward Bopp, as President of the Louisiana State Board of Education, Earl Ingram, as Acting Director of the Louisiana State Board of Education, Lewis Michot, as ex Officio Secretary of the Louisiana State Board of Education; Jesse Bankston, Frederick Eagan, Harvey Peltier, Robert Curry, W.E. Whetstone, Boyd Woodard, A.J. Roy, Charles Colbert, Richard D'Aquin, Enoch Nix, Members of the Louisiana State Board of Education; Louisiana Coordinating Council for Higher Education: William Arceneaux, as Executive Director of the Louisiana Coordinating Council for Higher Education, Jesse Bankston, W.J. Defelice, Mrs. Moise W. Dennery, Albert W. Dent, Ewell Eagan, Fred C. Frey, Eugene G. Gouaux, J.K. Haynes, Thomas James, Troy Middleton, Leonard W. Phillips, Joe D. Smith, Jr., A.L. Swanson, John Phistlethwaite, D.S. Young, Members of the Louisiana Coordinating Council for Higher Education; Louisiana State Board of Supervisors: Carlos G. Spaht, as Chairman of the Louisiana State Board of Supervisors, Edward W. Edwards, as ex Officio Member, William T. Brown, Jimmy H. Davis, Gordon E. Dore, Murphy J. Foster, A. Eglin McKeithen, Lewis H. Padgett, William S. Peck, James R. Peltier, Sargent Pitcher, John Sherrouse, Jr., James T. Staples, Oliver P. Stockwell, A.L. Swanson, Members of the Louisiana State Board of Supervisors; Louisiana Board of Regents: William Arceneaux, Jesse Bankston, Edward Bopp, William T. Brown, Charles Colbert, Robert Curry, Richard D'Aquin, Jimmy H. Davis, W.J. Defelice, Moise W. Dennery, Albert W. Dent, Gordon E. Dore, Ewell Eagan, Frederick Eagan, Murphy J. Foster, Fred C. Frey, Eugene G. Gouaux, J.K. Haynes, Thomas *607 James, A. Eglin McKeithen, Troy Middleton, Enoch Nix, Lewis H. Padgett, William S. Peck, Harvey Peltier, James R. Peltier, Leonard W. Phillips, John Phistlethwaite, Sargent Pitcher, A.J. Roy, John Sherrouse, Jr., Joe D. Smith, Jr., Carlos Spaht, James T. Staples, Oliver P. Stockwell, A.L. Swanson, W.E. Whetstone, Boyd Woodard, D.S. Young, Members of the Louisiana Board of Regents.
Civ. A. No. 80-3300.
United States District Court, E.D. Louisiana.
October 30, 1990.
Donald L. Beckner, U.S. Atty., Baton Rouge, La., Howard L. Sribnick, Jay Heubert, Atty., U.S. Dept. of Justice, Washington, D.C., Franz R. Marshall, Educational Opportunities Section, Civ. Rights Div., U.S. Dept. of Justice, Washington, D.C., P. Raymond Lamonica, U.S. Atty., Baton Rouge, La., for U.S.
W.S. McKenzie, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for LSU Bd. of Sup'rs and its Members.
Kendall L. Vick, Paul A. Eckert, Asst. Atty. Gen., New Orleans, La., for all other State defendants.
Robert C. Williams, Baton Rouge, La., for NAACP.
Curtis A. Calloway, Baton Rouge, La., for Southern University Alumni Ass'n, its President Dr. George Merrick and Grambling College Alumni Ass'n, its President, W.O. Thompson.
M. Aubrey McCleary, Jr., McCollister, Belcher, McCleary & Fazio, Baton Rouge, La., for Southern Ass'n of Colleges & Schools Inc.
Henry N. Brown, Jr., Dist. Atty., Benton, La., for Bossier Parish School Bd.
Robert C. Williams, Baton Rouge, La., for Treavor Brown, et al., amicus.
Trevor G. Bryan, Vincent P. Blanson, William J. Jefferson, Jefferson, Bryan, Jupiter, Lewis & Blanson, New Orleans, La., for Southern University Bd. of Sup'rs.
Margaret E. Woodward, New Orleans, La., for Bd. of Regents of State of La.
Carla Calobrisi, Joseph J. Levin, Jr., Washington, D.C., for State of La.
Paul W. Murrill, Baton Rouge, La.
Frank E. Vandiver, Director, Master Institute for Defense Studies, Texas A & M University, College Station, Tex.
Franklyn Jenifer, President, Howard University, Washington, D.C.
Curtis A. Calloway, Baton Rouge, La., Thomas N. Todd, Chicago, Ill., for Grambling State University Alumni Ass'n.
W. Shelby McKenzie, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Bd. of Sup'rs of Louisiana State University.
John N. Kennedy, Sp. Counsel to the Governor, State of La., Baton Rouge, La., for Governor Buddy Roemer.
Robert A. Kutcher, Jan Marie Hayden, Bronfin, Heller, Steinberg & Berins, New Orleans, La., for State Bd. of Trustees.
Winston DeCuir, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., for State of La. State Bd. of Elementary and Secondary Educ.
Paul R. Verkuil, Sp. Master, College of William & Mary, University Relations, Williamsburg, Va.
Max Nathan, Jr., Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., David Boies, New York City, for Counsel to Sp. Master.
James M. Weiss, Mary Ellen Roy, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Capital City Press, Times Picayune.
William J. Guste, Jr., Atty. Gen., Kenneth C. De Jean, Winston Riddick, David Sanders, New Orleans, La., for Atty. Gen. of the State of La.
William J. Guste, Jr., Atty. Gen. of Louisiana, Thomas S. Halligan, Asst. Atty. Gen., Paul R. Baier, Sp. Asst. Atty. Gen. (Louisiana), Louisiana Dept. of Justice, Baton Rouge, La., for State of La.

*608 ORDER
CHARLES SCHWARTZ, Jr., District Judge.
Notwithstanding factual distinctions between Louisiana's and Mississippi's public higher education systems, see, e.g., United States v. Louisiana, 692 F.Supp. 642, 656 n. 69 (E.D.La.1988), and respectfully disagreeing with the majority's conclusion in Ayers v. Allain, 914 F.2d 676 (5th Cir.1990) (en banc), this Court nonetheless finds that Ayers is both binding and controlling in this cause and that, under Ayers, there are no disputed material facts left for this Court to resolve.[1] Accordingly, the Court VACATES its Order of August 2, 1988,[2] 692 F.Supp. 642, DENIES summary judgment in favor of the United States, GRANTS summary judgment in favor of all defendants, and DIRECTS the Clerk to enter herewith final judgment in accordance with this Order.[3] Each party shall bear its own costs and attorney's fees.
Had this Court a clean, or at least pre-Ayers (en banc), slate, the Court would not vacate its Order herein of August 2, 1988 and would enter a remedial order in the form of "Revised Exhibit A" attached to the Order and Reasons issued this date. Thus, if the judgment entered herewith is reversed on appeal, that proposed remedial order should be considered the Order of this Court without the necessity of a remand.
NOTES
[1] This conclusion is based on the Court's familiarity with every aspect of this litigation including the affidavits, testimony, and depositions taken in connection with all proceedings herein including such in motions for summary judgment, proceedings and testimony before the Special Master, all representations made at all hearings, and all of the parties' submissions to the Court.
[2] This Court construes the Fifth Circuit's remand order to permit this vacation, whether as reconsideration of an interlocutory order or as appropriate relief under F.R.Civ.P. 60(b)(6) to a final order. Cf. Lairsey v. Advance Abrasives Co., 542 F.2d 928, 932 & n. 3 (5th Cir.1976).
[3] As this Court reads the Ayers opinion: absent a discriminatory intent, different mission designations may limit the program and scope of various universities. Thus, a State is not required to fund all educational institutions at the same level or to fund any particular one at any particular level. Therefore, there is no basis whatsoever for this Court to retain any further jurisdiction of this case.