[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15181
Non-Argument Calendar

_____

D. C. Docket No. 07-00253-CV-CAP-1

SHELTON R. THOMAS,

                                                        Plaintiff-Appellant,

versus

J. MCCOY,
APD ID No. 4136,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 19, 2009)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Shelton R. Thomas, a Georgia state prisoner proceeding *pro se*, appeals the

district court's denial of his motion to reconsider its order granting a default judgment against City of Atlanta Police Officer James A. McCoy, but staying a hearing on damages and entry of a final judgment until after Thomas's release from incarceration. On appeal, Thomas argues that the district court abused its discretion by delaying a hearing and the entry of final judgment. However, on July 7, 2009, while this appeal was pending, the district court held a damages hearing and issued an order indicating its intent to enter final judgment.[1]

We construe the district court's order as a certification that, if we remand the case, the district court will enter a final judgment, which represents the relief sought by Thomas in the instant appeal. *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930-32 (5th Cir. 1976).[2] Accordingly, we remand for further consideration so that the district court may enter a final judgment.

---

[1] The district court made its intent clear:

> the court is prepared to enter[] a judgment on the plaintiff's claims. In light of the pending appeal on the motion for reconsideration seeking a hearing on damages, which has now been rendered moot, this court does not have jurisdiction to enter judgment. If the Eleventh Circuit Court of Appeals will remand this case for further reconsideration, this court will enter final judgment.

*Thomas v. McCoy*, Civil Action No. 1:07-CV-0253-CAP, slip op. at 1-2 (N.D. Ga. July 7, 2009).

[2] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the newly-formed Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

**REMANDED.**