# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2010

Lyle W. Cayce
Clerk

No. 09-40685

MARIA SANTOS LOPEZ DOMINGUEZ, individually and A.N.F. to K.L.,
M.L., I.L. and Estate of Omar Guajardo Andrade; SANDRA PATRICIA
PACHEO ROSADO, individually and as representative of the Estate of
Leonardo M. Hernandez Pozo; TAYDE M. POZO ROBLE, parent of Leonardo
M. Hernandez Pozo; JULISSA BOVIO CHAGOYA, individually and A.N.F. to
D.B., J.B. and M.B. on behalf of the Estate of Miguel Angel Solis Rodriguez;
CARLOS BLAS CORTAZAR; SERGIO ROSADO CORTES; EUDOCIA A.
JACOME GOMEZ; ALDO ANTONIO LOPEZ LORENZO; JORGE GUZMAN
MARTINEZ; JESUS I. SUAREZ MATIAS; JUAN ANTONIO PALAFOX
NAVARETTE; PASTOR GARCIA OCANA; OSCAR ROMERO ORTEGA;
SERGIO SOLIS PONCE; JOSE PEDRO COBO QUIROZ; FERNANDO A.
CERVERA RAMIREZ; JORGE A. JIMENEZ RANGEL; MARTIN ZUNIGA
SALAZAR; GABRIEL GONZALEZ TORA; TEODOSIO RUEDA DE LEON;
MIGUEL HERNANDEZ CHAN, parent of Leonardo M. Hernandez Pozo,
deceased; ANTONIO MONTERO HERNANDEZ; LEONEL FERNANDEZ
RIVERA; HERMILLO JIMENEZ CEPEDA; ALL PLAINTIFFS,

Plaintiffs-Appellants

v.

GULF COAST MARINE & ASSOCIATES, INC.;  GLEN CARTER;
PETROLEOS MEXICANOS; HALLIBURTON COMPANY;
SCHLUMBERGER TECHNOLOGY CORPORATION; MATTHEWS-DANIEL
COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

No. 09-40685

FORTUNATO P. BENAVIDES, Circuit Judge:

In this case, we are asked to review the dismissal of an action seeking redress for injuries suffered in a deadly maritime accident off the coast of Mexico. However, at this time, we forego a ruling on the merits of the dismissal of this case for forum non conveniens. After plaintiffs filed this appeal, the district judge who presided over this case recused himself, calling into question the continued validity of his dismissal. Given the incomplete information in the record regarding the circumstances of the judge's recusal, we remand this case to the district court for the limited purpose of addressing whether the dismissal of this case should be set aside.

I.

On October 23, 2007, an unusually strong storm blew across the Gulf of Campeche, where the mobile drilling rig USUMACINTA was positioned over the oil production platform KAB-101, approximately ten miles north of the Mexican coast. As hurricane force winds battered the vessels, the USUMACINTA allided with the KAB-101, damaging the platform and causing oil and gas to leak from one of its wells. The workers onboard on the KAB-101 were unable to stop the leak and had to evacuate the platform. They boarded two lifeboats called *mandarinas*, both of which eventually capsized in the rough waters. Twenty-two workers drowned, along with two rescuers called to the accident.

The plaintiffs in this case are relatives of the workers who perished in the accident, representatives of their estates, and survivors of the accident. Each plaintiff is a resident of Mexico, and all of the individuals whose deaths or injuries are the subject of this lawsuit worked for Mexico's state-owned oil company Petróleos Mexicanos ("Pemex") or Perforadora Central ("Perforadora"), a Mexican company that assists Pemex in oil exploration. At the time of the accident, Pemex owned the KAB-101 platform and was leasing the USUMACINTA rig from Perforadora.

No. 09-40685

In 2008, a year after the accident, plaintiffs initiated the present suit in federal district court in Lufkin, Texas, asserting negligence, gross negligence, and products liability claims. Neither Pemex nor Perforadora are defendants in this suit.[1] Instead, plaintiffs have filed suit against four Texas companies, Gulf Coast Marine & Associated, Inc. ("Gulf Coast"), Schlumberger Technology Corporation, Halliburton Energy Services, Inc., and Matthews-Daniel Company. They have also filed suit against Glen Carter, an alleged employee of Gulf Coast and U.S. citizen resident in Louisiana. Plaintiffs allege that defendants are collectively responsible for the accident that occurred on October 23, 2007.

After limited discovery, on May 29, 2009 the district court issued an order dismissing this case for forum non conveniens, contingent on several conditions. Specifically, the order provided that:

> IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss for Forum Non Conveniens . . . shall be CONDITIONALLY GRANTED subject to a return jurisdiction clause under the following conditions:
> 1) Defendants' agreement to appear and submit themselves to the jurisdiction of the Mexican courts, waiving any jurisdictional defenses they might normally possess;
> 2) Defendants' waiver of any statute of limitations or laches-related defenses that they did not possess at the time the Plaintiffs originally filed in this court; and
> 3) Defendants' agreement to submit to discovery in the Mexican forum in accordance with the procedural rules of the Mexican court.
> The dismissal of this case from this court's docket shall become effective once the Defendants have tendered a written statement assenting to be bound by the foregoing conditions. Should the Defendants fail to do so by June 26, 2009, their forum non conveniens motions will be considered waived, and this case will proceed to trial in this court.

---

[1] Plaintiffs initially filed suit against Pemex, but later voluntarily dismissed these claims. Since they filed this appeal, plaintiffs have also dismissed their claims against three other defendants: Battelle Memorial Institute, Vetco Gray, Inc., and Baker Hughes, Inc.

3

No. 09-40685

Should the courts of Mexico refuse to accept jurisdiction for reasons other than Plaintiffs' refusal to pursue an action or to comply with the procedural requirements of Mexican courts, this court may reassert jurisdiction upon timely notification of the same.

On June 26, 2009, defendants met the district court's deadline for filing a statement agreeing to return jurisdiction, submitting a stipulation with terms very similar to those mandated by Judge Clark. Three days later, on June 29, plaintiffs filed a notice appealing the court's May 29 order, as plaintiffs were concerned that the order could be construed as final and the thirty-day deadline for appeal had arrived. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed . . . within 30 days after the judgment or order appealed from is entered."). A day later, plaintiffs objected to defendants' stipulation, as defendants had only agreed to submit to jurisdiction in Mexico City. Shortly thereafter, defendants submitted a revised stipulation on June 6 and plaintiffs withdrew their objection, prompting the court to enter an order formally dismissing this case on July 7.

A week later, on July 13, 2009, Judge Clark convened a teleconference with counsel for all parties and informed them that he had just discovered that he owned stock in the parent company of a defendant in this case. As a result, he announced that he was recusing himself, explaining that:

> This is something that I probably should have figured out before, namely, at our last hearing when we went through the questions about Schlumberger. But all of a sudden—in the middle of the night a couple of days ago, I all of a sudden—it suddenly clicked, and I started looking. . . . [R]ecently, due to the death of my mother, I had acquired some Schlumberger Limited stock, not a great deal. But under the Code of Judicial Ethics, just one share is enough to disqualify me from any case involving Schlumberger Limited. And under the rulings dealing with Federal judicial conduct and the Committee on Codes of Conduct, it is something that cannot be waived by the parties because it is just the appearance. So, I'm not even going to ask about that. And then there is the fact that since Schlumberger Tech is owned by and its parent is Schlumberger

4

No. 09-40685

Limited, then Schlumberger Limited has an interest in what happens to Schlumberger Tech. I wish I had thought of this before I issued my first opinion, which evidently is now on appeal out of an abundance of caution, I understand, by plaintiffs because—and I agree it's sometimes very difficult to tell exactly when the final order comes and when you have to appeal. But I think the only thing I can do is, in effect, withdraw this last order. And I still—it is within ten days. I think I can do that. It's what I considered the final order to be; although, the first one where I conditionally granted the transfer may have been the final one—and then notify the circuit court as to what I've done so they can decide what they want to do with it. I mean, I don't know that another judge would come up with a different decision; but I feel it's just simply inappropriate to let this stand or hope that nobody notices later on. That just isn't—I mean, that's not how we do business.

Accordingly, later that day, Judge Clark entered separate orders vacating his June 7 order dismissing this case and recusing himself. The chief judge of the Eastern District of Texas then reassigned this case to Judge T. John Ward.

II.

Before addressing the effect of Judge Clark's recusal on the merits of this appeal, we must first assure ourselves of our jurisdiction. We may only exercise jurisdiction over appeals from "final decisions." 28 U.S.C. § 1291 (2006). One of the oddities produced by the unusual procedural posture of this case is that plaintiffs ask us to dismiss their own appeal for lack of jurisdiction,[2] so that they may return to the district court for Judge Ward to determine whether Judge Clark's dismissal is still valid. Specifically, plaintiffs contend that we lack jurisdiction because (i) they appealed from Judge Clark's May 29 order, (ii) that order was not final, and (iii) as an interlocutory order, it merged with the final dismissal order issued on July 7, which was later vacated by Judge Clark on July 13. However, plaintiffs are mistaken; we have jurisdiction over this appeal.

---

[2] Plaintiffs also challenge the merits of the district court's forum non conveniens dismissal, but for the reasons explained below, we do not review this issue today.

5

No. 09-40685

Even if Judge Clark's dismissal did not become final until July 7, plaintiffs' June 29 notice of appeal relates forward to the date when the dismissal became final. At that point, jurisdiction vested in this Court, meaning that Judge Clark's June 13 vacatur of his June 7 final order is void.

This appeal is from Judge Clark's May 29 order, and the parties primarily focus their arguments on whether the May 29 order was final when entered, suggesting that if it were not final when entered, we would lack jurisdiction.[3] This is incorrect; even if plaintiffs' June 29 notice of appeal were filed prematurely, before the district court's dismissal of this case became final, we could still have jurisdiction, as premature notices of appeal may sometimes relate forward to the date when dismissal of a case becomes final. Federal Rule of Appellate Procedure 4(a)(2) establishes that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

---

[3] Defendants point to several cases that they claim indicate that the May 29 order was final and immediately appealable. In a number of cases, this Court has held that conditional forum non conveniens dismissals are final, despite the fact that "the orders may literally appear to have more typically nonfinal characteristics . . . [b]ecause they are conditional." *Koke v. Phillips Petroleum Co.*, 730 F.2d 211, 216 (5th Cir. 1984), *overruled on other grounds by Trivelloni-Lorenzi v. Pan Am. World Airways, Inc. (In re Air Crash Disaster near New Orleans)*, 821 F.2d 1147, 1163 n.25 (5th Cir. 1987) (en banc); *see also Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986). For example, in *Koke*, this Court held that a dismissal order was final, even though it "was conditioned on three requisites: (1) that all defendants consent to jurisdiction in a single appropriate foreign forum; (2) that all defendants waive any defense regarding the statute of limitations; and (3) that all defendants consent to satisfying any judgment rendered by such court." 730 F.2d at 214. These cases seem to be animated at least in part by a concern that interpreting conditional forum non conveniens dismissals to be nonfinal would be unfair to plaintiffs—if such dismissals were not final, plaintiffs would not be able to appeal an order directing them to litigate abroad without first commencing litigation abroad.

We note that this case is distinguishable from cases like *Koke*—Judge Clark's dismissal was not solely conditioned on defendants submitting to jurisdiction abroad, but also on defendants filing a stipulation in *his* court by June 26, less than a month after entry of his May 29 order. In these circumstances, Judge Clark's May 29 order might reasonably be read as being nonfinal when entered, but we do not reach this issue today.

The leading case interpreting this rule is *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269 (1991).  In *FirsTier*, a district court announced that it was granting a defendant's motion for summary judgment, but asked the defendant to submit proposed findings of fact and conclusions of law.  The court also stated that it would allow the plaintiff to file objections to the proposed findings.  *Id.* at 270-71.  However, before the court entered the final judgment, the plaintiff appealed.  *Id.* at 272.  The Supreme Court concluded that although the judge "did not explicitly exclude the possibility that he might change his mind" before entering a final order, the plaintiff's notice of appeal could "relate forward to judgment and serve as an effective notice of appeal from the final judgment." *Id.* at 273, 275.  The Court held that "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." *Id.* at 276.

In this case, Judge Clark structured his May 29 order such that once defendants filed their stipulation, he did not need to take any further action, other than simply entering a short order formally dismissing the case.  Indeed, once defendants filed a satisfactory stipulation and plaintiffs withdrew their objection, that is what he did.  Thus, on May 29, Judge Clark announced "a decision that would be appealable if immediately followed by the entry of judgment," *FirsTier*, 498 U.S. at 276, and therefore plaintiffs' notice of appeal from the May 29 order can relate forward to the date it became final.

In similar circumstances, other circuit courts have also found that notices of appeal can relate forward.  The Second and Seventh Circuits have held that when "the district court states that if a certain event does not happen by a particular date the court's order will become a final judgment, and the event does not happen, a notice of appeal filed after the court's statement but before

No. 09-40685

the specified date is covered by Rule 4(a)(2)."  16A Charles Allen Wright et al., *Federal Practice and Procedure* § 3950.5 (4th ed. 2008).[4]  This case is effectively the same, except that finality was not triggered by the failure of a party to take a certain action, but rather by defendants' submission of their stipulation to the court.  Despite this distinction, since Judge Clark did not need to take any further action after the satisfaction of his condition precedent to dismissal, plaintiffs' notice of appeal can relate forward.  Thus, jurisdiction vested in this Court at the latest on July 7, when Judge Clark entered an order formally dismissing this case.

Finally, Judge Clark's July 13 order vacating his dismissal of this case does not disturb our jurisdiction, as we had already acquired jurisdiction by July 7 at the latest.  We have previously held that when a notice of appeal transfers jurisdiction to this Court, district courts lose the ability to vacate or amend their orders that have been appealed.  *See, e.g., Winchester v. U.S. Attorney for S. Dist. of Tex.*, 68 F.3d 947, 948-49 (5th Cir. 1995); *Offshore Logistics Servs., Inc. v. Mut. Marine Office, Inc.*, 639 F.2d 1168, 1170 (5th Cir. 1981).  Therefore, plaintiffs' contention that the district court's July 13 vacatur order deprives this Court of appellate jurisdiction is incorrect.  Of course, this is not to say that the district court was stripped of all jurisdiction once plaintiffs' notice of appeal became effective.  "The district court maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken, or in aid of the appeal, as by making clerical corrections."  *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982).  Consequently, it was still appropriate for Judge Clark to recuse himself, insofar

---

[4] *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable. . . .  However, an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend."); *Otis v. City of Chicago*, 29 F.3d 1159, 1168 (7th Cir. 1994) (en banc) (approving of "an appeal from a conditional order of dismissal after the time to satisfy the condition has expired").

as he retained certain residual jurisdiction over this case. Also, his recusal could be viewed as being in aid of this appeal, as it brings to our attention serious questions concerning the propriety of the dismissal that is now on appeal.

### III.

Having confirmed our jurisdiction, we now address the effect of Judge Clark's ownership of Schlumberger Limited stock on this appeal. Plaintiffs ask us to grant them leave to file a motion with the district court pursuant to Federal Rule of Civil Procedure 60(b), which has been used previously as a means for vacating judgments issued by judges who should have recused themselves. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Specifically, the Rule provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Plaintiffs assert that they cannot file a Rule 60(b) motion in the district court until this Court has granted them leave to do so, as their notice of appeal stripped the district court of jurisdiction. Conversely, defendants contend that plaintiffs' request is not properly before this Court because plaintiffs never sought Rule 60(b) relief in the district court. We find that plaintiffs have not complied with the usual procedures for seeking relief from a judgment under Rule 60(b) while an appeal is pending. Nevertheless, we also conclude that a partial remand is appropriate under these unusual circumstances, so that Judge Ward may assess in the first instance the continued validity of Judge Clark's dismissal of this case.

Defendants are correct that plaintiffs have not followed the usual procedures for seeking relief under Rule 60(b). This Court has provided extremely clear guidance to litigants on how to proceed with a Rule 60(b) motion after a notice of appeal has been filed. Although an effective notice of appeal strips district courts of jurisdiction to *grant* a Rule 60(b) motion, it does not

9

No. 09-40685

prevent litigants from filing them in the district court while an appeal is pending. Instead, "[t]he district court retains jurisdiction to consider and deny [Rule 60(b)] motions, and if it indicates that it will grant the motion, the appellant [may] then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Winchester*, 68 F.3d at 949 (quoting *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955)) (internal brackets and ellipses omitted).[5] Plaintiffs have not heeded this guidance—they seek a remand but have not already filed a Rule 60(b) motion with Judge Ward.

However, plaintiffs' failure to file a Rule 60(b) motion with the district court does not slip a blindfold over our eyes, letting us ignore that the judgment we are reviewing was entered by a judge subject to recusal. The statute governing the recusal of Judge Clark in this case is 28 U.S.C. § 455, and the Supreme Court has explained that since § 455 "neither prescribes nor prohibits any particular remedy" for recusal violations, "Congress has wisely delegated to the judiciary the task of fashioning the remedies that will best serve the purpose of the legislation." *Liljeberg*, 486 U.S. at 862. Courts have previously exercised this authority on appeal, even when remedies for recusal violations were not

---

[5] Indeed, this procedure has become so widely accepted that it has now been codified into the Federal Rules, in a provision that became effective on December 1, 2009, just weeks after plaintiffs submitted their reply brief. Specifically, new Rule 62.1 provides that:

    (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

        (1) defer considering the motion;

        (2) deny the motion; or

        (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

    (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

    (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1.

first sought in the district court. For example, in *Davis v. Xerox*, the Ninth Circuit considered whether rulings made by a district judge subject to recusal had to be vacated, despite the fact the issue was raised for the first time on appeal. 811 F.2d 1293, 1296 (9th Cir. 1987) ("Only on appeal did [the plaintiff] obtain copies of the first judge's reports and bring them to the attention of a court. [His] objection is still timely."). Similarly, in *Potashnick v. Port City Construction Co.*, we remanded a case for determination of whether a judge should have recused himself, after attorneys discovered grounds for the judge's recusal following the conclusion of a trial. 609 F.2d 1101, 1106, 1115 (5th Cir. 1980). We opted not to rule on the merits of the appeal in *Potashnick* until after the recusal issue had first been heard by the district court. *Id.* at 1107; *see also Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989) (remanding without addressing merits to allow pro se litigant to file Rule 60(b) motion challenging orders entered by judge who had recused himself). Therefore, the failure of plaintiffs to file a Rule 60(b) motion below, while regrettable, does not deprive us of authority to craft a remedy for Judge Clark's possible violation of § 455.

That said, it is true that in some cases, when appellants have raised issues properly considered under Rule 60(b) for the first time on appeal, we have refused to consider these issues. For example, in *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, the appellant asked for the first time on appeal that the summary judgment entered in favor of the appellee be vacated, as the appellant claimed that the appellee had withheld certain documents during discovery. 331 F.3d 452, 463 (5th Cir. 2003). We found that this request was "properly styled" as a motion to set aside summary judgment for fraud, misrepresentation, or misconduct under Rule 60(b)(3) and refused to consider the issue, partially affirming the district court. *Id.* at 463-64.

However, the instant case arises under exceptional circumstances, different from those before us in *Leasehold Expense Recovery*. Plaintiffs do not

speculatively claim for the first time on appeal that Judge Clark *should have* recused himself; instead, Judge Clark sua sponte recused himself after a notice of appeal had already become effective. All parties agree his recusal was proper, and no one disputes that he owned Schlumberger Limited stock while he presided over this case. Furthermore, the situation below was complicated by Judge Clark's July 13 order vacating his July 7 dismissal order. On this appeal, we have rejected plaintiffs' argument that Judge Clark's vacatur of his July 7 order was valid and had the effect of vacating his May 29 order. Before we reached this conclusion, however, it would have been unusual for plaintiffs to have asked Judge Ward to set aside the May 29 order, while simultaneously arguing on appeal that Judge Clark had already effectively vacated it. Plaintiffs should have filed a Rule 60(b) motion with Judge Ward out of an abundance of caution, but we have previously explained that the procedures for filing post-appeal Rule 60(b) motions are not "a judicial tightrope to be walked at peril." *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 932 (5th Cir. 1976). Instead, "[w]here the litigant has timely initiated procedure for relief, he should not be penalized for choice of the 'wrong' procedure." *Id.* In these circumstances, we cannot review the merits of Judge Clark's forum non conveniens dismissal as if we had no knowledge of his recusal.

IV.

Although we have the authority to address any violation of § 455 that occurred in this case, we find that it would be inappropriate for us to do so at this stage, given the limited information in the record concerning Judge Clark's acquisition of Schlumberger Limited stock. The Supreme Court has explained that "§ 455(a) can be violated based on an appearance of partiality, even though the judge was not conscious of the circumstances creating the appearance of impropriety." *Liljeberg*, 486 U.S. at 858. As a result, if Judge Clark's ownership of Schlumberger Limited stock creates an appearance of impartiality, then his

No. 09-40685

dismissal of this case while owning the stock would have violated § 455(a), even if he lacked knowledge of his ownership at the time.  However, the record does not reveal how much stock Judge Clark acquired, its value, or when he acquired it.  The record is also silent on whether Judge Clark reviewed what stock he had inherited during the same period he was considering motions indicating Schlumberger Limited's interest in this case.  Additionally, the parties have not extensively discussed § 455 in their briefing, nor whether vacatur is the proper remedy for any violation of the statute that occurred.  *See* 486 U.S. at 862 (explaining that vacatur of judgments does not automatically follow from every violation of § 455).

Given these considerations, we remand this case in part to allow Judge Ward to indicate to us whether he is inclined to grant a Rule 60(b) motion vacating Judge Clark's dismissal of this case.  If he is so inclined, we will remand this case in full so that Judge Clark's dismissal can be vacated and his forum non conveniens ruling relitigated.  However, for the moment, we retain jurisdiction so that if Judge Ward denies the motion and plaintiffs appeal his denial, we will be able to review both the denial of the Rule 60(b) motion and the merits of Judge Clark's forum non conveniens dismissal.  *See Potashnick,* 609 F.2d at 1106-07 (remanding for limited purpose of determining whether judge should have recused himself and then consolidating appeal of recusal ruling with initial merits appeal); 11 Wright et al., *supra*, § 2873 (2d ed. Supp. 2010) (explaining that appellant may appeal "the denial of the [Rule 60(b)] motion and often the appellate court can consider that appeal together with the appeal from the original judgment").  The district court may issue orders and conduct and regulate any proceedings necessary for the proper disposition of the limited remand provided for herein.

13

No. 09-40685

V.

Consequently, this case is REMANDED for further proceedings consistent with this opinion.