[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12831
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00125-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAIN CASADO,
a.k.a. E-4,
a.k.a. Efro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 2, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Efrain Casado, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure on the grounds that it was an unauthorized second or successive motion to vacate his convictions and sentence under 28 U.S.C. § 2255.  Casado contends that his motion was a proper Rule 60(b) motion because it challenged a procedural defect in his earlier § 2255 proceedings, namely the district court's alleged failure to warn him under *Castro v. United States*, 540 U.S. 375 (2003) before it recharacterized his 2006 18 U.S.C. § 3582 motion as a § 2255 motion.  After review,[1] we affirm the district court.

Rule 60(b) provides an avenue for a petitioner to seek relief from a final civil judgment on several narrowly defined grounds.  Fed. R. Civ. P. 60(b). Rule 60(b) has a limited application in habeas proceedings and may not be used to circumvent the prohibition on filing a successive § 2255 motion without our permission.  *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A Rule 60(b) motion is properly treated as a successive § 2255 motion if it: "(1) seeks to add a new ground of relief; or (2) attacks the federal court's previous

---

[1]   We review questions of the district court's subject matter jurisdiction *de novo*. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).  "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *Id.* (quotations omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

resolution of a claim on the merits." *See id.* at 1293-94 (quotations and emphasis omitted). A Rule 60(b) motion is not treated as a successive § 2255 motion if it attacks the integrity of the prior federal habeas proceedings, rather than the substance of the court's resolution of the claim on its merits. *See id.* at 1294.

Rule 60(b) motions must be filed within one year after entry of the judgment, order, or proceeding being challenged if the motion is based on, *inter alia*, mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b), (c)(1). Rule 60(b) motions raised on other grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The determination of what constitutes a reasonable time depends upon the facts of an individual case and, in making that determination, courts are to consider whether the movant had justification for failing to raise his claims sooner. *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976).[2]

As an initial matter, contrary to the Government's position, we have jurisdiction over Casado's appeal despite the lack of a certificate of appealability (COA). No COA is required to appeal from the denial of a Rule 60(b) motion where, as here, the district court construed the motion as an unauthorized second or successive § 2255 motion and concluded that it lacked jurisdiction. *See Hubbard*

---

[2] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

*v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (holding an order dismissing a § 2255 motion for lack of jurisdiction because it is an impermissible second or successive § 2255 motion is not a final order for the purposes of 28 U.S.C. § 2253(c) and thus does not require a COA).

Liberally construing Casado's *pro se* Rule 60(b) motion, the district court erred in construing it as an unauthorized successive § 2255 motion because Casado was attacking the integrity of his prior § 2255 proceedings, as evidenced by his claims that the judges in those proceedings were biased and that he was not given *Castro* warnings. *See Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007) (stating a Rule 60(b) motion should not treated as a successive § 2255 motion if it attacks the integrity of the prior habeas proceedings rather than the resolution of the merits of a claim). While Casado referenced his life sentence, in the context of his entire motion, we construe his argument to be that the resolution of his claim is of magnified importance given that he is serving a life sentence and that a motion to vacate may be his only avenue to seek relief. And given Casado's reference to extraordinary circumstances, it seems likely that he was referring to our caselaw requiring that motions under Rule 60(b)(6) demonstrate "circumstances [] sufficiently extraordinary to warrant relief." *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotations omitted). Thus, because Casado's motion was a proper Rule 60(b) motion, the district court had jurisdiction to consider it.

4

Moreover, because Casado's motion was not a successive § 2255 motion, § 2244 and its limitations do not apply. *See* 28 U.S.C. § 2244(b); § 2255(h). Indeed, the Supreme Court has stated that § 2244(b) applies only where a court is acting on a prisoner's application for a writ of habeas corpus, *see Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005), and Casado's motion was not a successive § 2255 motion. Thus, § 2244(b)(1) did not provide an alternative basis for the district court to dismiss Casado's claims, even assuming they were substantially the same as the claims he raised in his 2013 § 2255 motion.

Additionally, the law-of-the-case doctrine does not bar the claims Casado raised in his Rule 60(b) motion. We have noted a motion judge's ruling on a motion for COA does not carry law-of-the-case import in a future appeal. *See Jones v. United States*, 224 F.3d 1251, 1256 (11th Cir. 2000). That statement is further supported by caselaw explaining that a decision on a COA motion is not a merits decision on the issues raised themselves but, instead, addresses only whether reasonable jurists would debate the district court's resolution of the § 2255 motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In essence, a single judge's order that does not address the merits of the issue should not bind a future panel tasked with addressing the merits of the same issue. Thus, applying *Jones*, we conclude that Casado's claims were not barred by the law-of-the-case doctrine.

5

Nonetheless, we may affirm on any ground supported by the record and, although not addressed by the district court, Casado's Rule 60(b) motion was untimely. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008); Fed. R. Civ. P. 60(c)(1). Whether the delay in bringing such a motion was reasonable is a fact-intensive inquiry, *see Lairsey*, 542 F.2d at 930, and here, Casado waited 12 years to file his Rule 60(b) motion challenging the proceedings in his 2006 § 3582 motion that was recharacterized as a § 2255 motion. Casado offered no justification for that delay in any of his filings in the district court or in his brief on appeal. Accordingly, although the district court did not so rule, the end result of concluding that Casado's Rule 60(b) motion was untimely is the same— the district court did not err by denying the motion, and we affirm.

**AFFIRMED.**