# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

Lyle W. Cayce
Clerk

No. 13-50047
Summary Calendar

STEPHAN B. EPSTEIN,

Plaintiff–Appellant,

versus

US BANK NATIONAL ASSOCIATION, as Trustee;
AURORA LOAN SERVICES, L.L.C.,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-456

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Stephan Epstein defaulted on his mortgage loan, and when the holder of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50047

the deed of trust attempted to foreclose, Epstein sued to block the sale. The district court dismissed on a Federal Rule of Civil Procedure 12(b)(6) motion. We affirm.

## I.

Epstein took a loan for $658,510 from First Mangus Financial Corporation ("First Mangus") on March 28, 2007. The note and deed of trust state that First Mangus is the lender and that Mortgage Electronic Registration Services, Inc. ("MERS"), is the "nominee for Lender and its assigns" and, along with its successors and assigns, is a "beneficiary" of the deed of trust. The deed of trust provides that MERS may exercise any of the rights under it, including foreclosure and sale. It also states that the note may be transferred without notice to Epstein. The note and deed of trust were recorded on March 30.

On March 2, 2011, MERS transferred the deed of trust to Aurora Loan Services, LLC ("Aurora"). That transfer was recorded on April 1, 2011. Epstein ceased paying the loan, and, after adequate notification, a foreclosure sale was set for June 2012.

Epstein challenged the sale, claiming that Aurora did not have authority to foreclose, primarily because it did not possess the note and the transfer of the deed of trust was somehow invalid. Epstein also made a quiet-title claim. The district court dismissed for failure to state a claim upon which relief could be granted.

## II.

A Rule 12(b)(6) dismissal is reviewed "*de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual mat-

No. 13-50047

ter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1]

## III.

Epstein claims that Aurora did not have authority to foreclose on his property because it did not possess the underlying note and because MERS's transfer of the deed of trust to Aurora was faulty. Epstein's first claim rests on the "split-the-note" theory. In *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), we described that notion as asserting that the "transfer of [the] deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null. In order to foreclose, the theory goes, a party must hold both the note and the deed of trust." *Id.* at 254. Under Epstein's logic, Aurora would not be able to foreclose even if there were a valid transfer of the deed of trust.

That claim fails as a matter of law. Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note. *See* TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of a property."). A mortgage servicer is defined as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). The mortgagee includes the "the grantee, beneficiary, owner, or holder of a security instrument" as well as a "book entry system." *Id.* § 51.0001(4). The mortgagee may also be the mortgage servicer.

There is no dispute that Aurora was the mortgage servicer—Epstein admitted sending payments to it. Moreover, the transfer from MERS makes Aurora the mortgagee. MERS was named as the beneficiary and was given the

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See generally* 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.04[1][b] (3d ed. 2012).

No. 13-50047

right to transfer its interests in the deed of trust, which it did in this case.

The transfer of the deed of trust, even in the absence of a transfer of the note, is valid. Texas courts have explained on multiple occasions that a note and a deed of trust constitute separate rights and obligations, even if they are linked by the underlying debt. "It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien." *Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647, 648 (Comm'n App. 1935, writ dism'd). Where a debt is "secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations." *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied).

> Despite the fact that the lien secures the note,
>
> the fact that two documents should be viewed together for purposes of construing those documents' terms is not, by itself, sufficient to require all claims under either document to be brought together, particularly given that, here, the two documents create two separate and severable rights . . . . When a debt is memorialized by a note that is secured by a lien, the note and lien constitute separate obligations . . . [that] may be litigated in separate lawsuits. Therefore, the holder of a note and security interest may bring suit and obtain judgment on the note, and—if . . . the holder did not request foreclosure in that suit, the judgment on the note in the holder's favor is not satisfied, and no privisions of the note or deed of trust contractually alter the parties' remedies—the lien-creditor may later bring suit for judicial foreclosure of the lien.

*Stephens v. LPP Mortg., Ltd.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied) (citations omitted).[2] A deed of trust "gives the lender as well as the

---

[2] *Accord Bierwirth v. BAC Home Loans Servicing*, L.P., No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (not designated for publication) (stating that a deed of trust "gives the lender as well as the beneficiary the right to invoke the power of sale" even though only one party may hold the note).

beneficiary the right to invoke the power of sale" even though only one party may hold the note.[3] Where authorized by the deed of trust, MERS or its assigns may foreclose without being the holder of the note. *Id.* at *5.

Examining Texas law in *Martins*, we held that "the 'split-the-note' theory is [ ] inapplicable under Texas law where the foreclosing party is a [mortgagee] and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." *Martins*, 722 F.3d at 255. So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority even if it does not hold the note itself. That is contemplated in the deed of trust and by the statute allowing mortgage servicers to foreclose. *See* TEX. PROP. CODE § 51.0025.

The beneficiary of the deed of trust is MERS, and it assigned its rights to Aurora, which received payments and qualified under Texas law as a mortgage servicer. It had the right to foreclose, and Epstein's arguments to the contrary are wrong as a matter of Texas law.

Epstein's second assertion is that the transfer from MERS to Aurora was invalid. He suggests that Jan Walsh, the named vice-president of MERS on the assignment, was not actually a vice-president or in some manner did not have authority to make the assignment. Epstein does not have standing to assert such a claim. As we explained in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700, 706 (5th Cir. 2013), "the Texas Supreme Court clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal." Therefore, only MERS has standing to challenge the authority of its purported officer to make an assignment from it to Aurora; it does not do so. The signer's "alleged lack of authority,

---

[3] *Robeson v. MERS*, No. 02-10-00227-CV, 2012 WL 42965, at *6 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (not designated for publication).

even accepted as true, does not furnish [Epstein] with a basis to challenge the . . . assignment." *Id*. Epstein's claim was properly dismissed.

The same analysis dooms Epstein's quite-title claim. He is required to base his claim solely on the strength of his own title. *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. App.—Corpus Christi 1977, writ ref'd n.r.e.). As we have explained, Aurora's authority as to title—having been assigned the rights under the deed of trust by the original beneficiary of that instrument—appears in the property records.

The judgment of dismissal is AFFIRMED.