**Larry COVEY, Plaintiff–Appellant,**

v.

**OCWEN LOAN SERVICING, INCORPORATED; United States Bank, N.A., as Trustee of GSAMP Trust 2007–NC1, Mortgage Pass-through Certificates, Series 2007–NC1; Home 123 Corporation, Defendants–Appellees.**

No. 13–50729
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 30, 2014.

Stephen Daniel Casey, Esq., Attorney, Casey Law Office, P.C., Round Rock, TX, for Plaintiff–Appellant.

John Peyton Barnes, Esq., Valerie Anne Henderson, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Houston, TX, for Defendants–Appellees.

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Larry Covey appeals the dismissal of his complaint seeking to enjoin Defendants–Appellees Ocwen Loan Servicing and U.S. Bank ("Ocwen") from foreclosing on his property. Because Covey's complaint fails to state a claim for relief, we AFFIRM.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

In 2006, Covey purchased property in Leander, Texas, financing his purchase with a home loan from Home 123 Corporation. In exchange for the loan, Covey executed a promissory note and a deed of trust encumbering the Leander property in favor of Home 123 Corporation.

Several years later in 2013, Ocwen, acting as the loan servicer for U.S. Bank, notified Covey that he was in default on his note obligations and that as a result his property would be sold at a foreclosure auction. As evidence of its authority to sell Covey's property, Ocwen produced a "lost assignment affidavit." The affidavit states that Home 123 Corporation, as Covey's original lender, had assigned the deed of trust to U.S. Bank, trustee of the GSAMP Trust 2007–NC1, Mortgage Pass-through Certificates, Series 2007–NC1 (the "U.S. Bank trust"), but that the assigning document had been lost or misplaced before being recorded. On its face, the affidavit reflects that it was executed by Leticia Arias as contract manager of Ocwen.

In response to Ocwen's foreclosure letter, Covey filed this lawsuit in Texas state court to enjoin the foreclosure and to recover damages. Ocwen removed the lawsuit on diversity grounds to federal court. Covey then filed an amended complaint asserting various state law claims arising from the foreclosure.

As a factual basis for his claims, Covey alleged that the lost assignment affidavit purporting to give Ocwen the authority to foreclose was forged and invalid under Texas law. Covey further alleged that the assignment did not occur because it would have been contrary to the terms of the Pooling and Servicing Agreement ("PSA") governing the U.S. Bank trust. Ocwen filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, which the district court granted. Covey appealed.[1]

## II.

"We review a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir.2012) (en banc) (internal quotation marks omitted). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Arguing that Ocwen does not possess authority to foreclose on the Leander property, Covey attacks the validity of the assignment of the deed of trust that purports to give Ocwen its authority to foreclose. He argues that the district court

---

1. Rather than waiting for the district court to issue a final judgment, Covey appealed the district court's order dismissing all of his pending claims but granting him twenty days to file an amended complaint. Ocwen argues that we lack appellate jurisdiction because the order was not a "final decision" for purposes of 28 U.S.C. § 1291. We are satisfied that we have jurisdiction, as "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R.App. P. 4(a)(2); *see*

*also FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991) (explaining that Rule 4(a)(2) permits an appeal from "a decision that *would be* appealable if immediately followed by the entry of judgment" and that is "not clearly interlocutory"); *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1072 (5th Cir.2010) (holding that Rule 4(a)(2) applied to permit appeal from a contingent order, which was similar to a dismissal with leave to amend).

incorrectly concluded that, as a third party to the assignment, he lacks standing to challenge the assignment. We address each of Covey's arguments in turn, concluding that none has merit.

First, Covey relies on the general proposition from our decision in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir.2013), that debtors like him have standing to defend against an assignee's efforts to enforce an obligation " 'on any ground which renders the assignment void.' " *Id.* at 225 (quoting *Tri–Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex.Civ.App.—Hous. [1st Dist.] 1975, no writ)). Generously construed, Covey's argument is that the lost assignment affidavit purporting to give Ocwen the authority to foreclose does not comport with Texas law and is therefore void. He argues that the affidavit does not meet the requirements of section 3.309 of the Texas Business & Commerce Code because it does not specify the timing or circumstances regarding the loss of the assignment or the terms of the assignment.[2]

We disagree because section 3.309 specifies the conditions for enforcement of lost negotiable instruments, not the lost assignment of a deed of trust, which is at issue here. *See* Tex. Bus. & Com.Code § 3.102 ("This chapter applies to negotiable instruments."); *see also id.* § 3.104 (defining a negotiable instrument). It is therefore inapplicable. Covey cites no law supporting a different conclusion.

Covey's second basis for challenging the validity of the assignment, that it would have been contrary to the terms of the PSA governing the U.S. Bank trust, also fails. In his complaint Covey alleged that Ocwen "lacks standing to foreclose as it is without authority over any mortgage note that did not comply with the rules of [PSA]" and that "it is doubtful that U.S. Bank is the [t]rustee." This argument conflates transfer of the promissory note with transfer of the deed of trust, which is at issue here. Moreover, as we explained in *Reinagel*, 735 F.3d at 228, a non-party to the PSA, like Covey, has "no right to enforce its terms unless [he is] its intended third-party beneficiar[y]." Covey has not alleged that he is a third-party beneficiary to the PSA and therefore cannot challenge the validity of the assignment on that basis; it is up to the purportedly defrauded assignor, here Home 123 Corporation, to do so. *See id.*

Finally, Covey argues Ocwen does not have authority to foreclose on his property because it does not possess the underlying note. Even assuming *arguendo* that Ocwen does not possess the note, Covey's argument has no merit under our binding precedent interpreting Texas law. In *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir.2013), we examined this so-called "split-the-note" theory and held that it is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." *Id.* at 255; *see also Epstein v. U.S. Bank Nat'l Ass'n*, 540 Fed.Appx. 354, 356 (5th Cir.2013) (unpublished) (explaining that under Texas law "[t]he transfer of the deed of trust, even in the absence of a transfer of the note, is valid"). Here, it is

---

**2.** Covey also argues that the affidavit is formally defective because it does not state that the information contained in the affidavit is within Arias's personal knowledge. Covey did not make this argument in his complaint or in his opposition to Ocwen's motion to dismiss and therefore may not do so on appeal. *See, e.g., Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir.2004) (" '[A]rguments not raised in the district court cannot be asserted for the first time on appeal.' " (alteration in original)).

424

undisputed that Ocwen acted as the mortgage servicer for U.S. Bank and, as we have explained, Covey has identified no legal basis for invalidating the assignment of the deed of trust to U.S. Bank.[3]

AFFIRMED.

---

**3.** Although Covey alleged in his complaint that Ocwen's affidavit of lost assignment was forged, he has not briefed the issue on appeal and it is therefore waived. *See, e.g., United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir.2000). Moreover, even if Covey had raised the issue on appeal, it would be unavailing as he merely alleged that Arias's signature on the affidavit of lost assignment looks different than her signature on other documents. Such bare allegations of forgery are "hardly sufficient to maintain a claim for fraud." *See Martins*, 722 F.3d at 252; *see also Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex.1976) (explaining that under Texas law "[f]orgery is the making without authority of a false instrument in writing, purporting to be the act of another").