# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2016

Lyle W. Cayce
Clerk

No. 16-40214
Summary Calendar

JAMES CAZAMIAS; LOS PARIENTES JOINT VENTURE; MESQUITE OIL
& GAS, INCORPORATED,

> Plaintiffs - Appellants

v.

DEVON ENERGY PRODUCTION COMPANY, L.P.,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CV-00086

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Appellants, non-operator owners of working interests in two oil and gas leases, brought an action in Texas state court seeking damages and declaratory relief. They allege that Appellee Devon Energy Production Company (Devon), failed to adhere to the parties' Joint Operating Agreement (JOA) in its failure to develop the leased area and to promptly plug a gas well that was no longer

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40214

in operation.  Devon has been the operator of the well in question since 2005.  Devon removed the case to federal court on the basis of 28 U.S.C. § 1332 diversity jurisdiction and brought a counterclaim against Appellants under Texas Natural Resources Code section 89.081 to recover Appellants' proportionate share of the plugging costs.

In March 2015, Devon moved for summary judgment on both Appellants' claims as well as its counterclaims.  Regarding Appellants' claims, Devon argued that it was not subject to the JOA because the lease that was subject to the JOA expired in 1999, which triggered the JOA's termination before Devon become the operator.  Instead, Devon was initially covered by a different lease, but that lease expired in 2007.  Devon argued that its obligations regarding plugging the well were therefore statutory rather than contractual.  Devon fulfilled its statutory obligations in 2012 when it plugged the well.  As for its counterclaims, Devon argued that it was entitled to recover under Texas Natural Resources Code section 89.081, which provides for a private cause of action against working interest owners who fail to pay their proportionate shares of the costs for plugging a well.

Appellants did not respond to either motion; after seven months, in October 2015 the district court ordered Appellants to respond and warned them that if they did not it would consider Devon's motions unopposed pursuant to S.D. Tex. Local Rule 7.4.  Appellants still did not respond.  On January 6, 2016, the district court granted Devon's motions for summary judgment.  On February 5, Appellants, through new counsel, moved for relief from judgment under Federal Rules 59 and 60(b) and also filed a Notice of Appeal. On March 3, 2016, the district court dismissed Appellants' request for Rule 59 relief on jurisdictional grounds because it was outside the statutory period.  The court deferred considering Appellants' request for relief under Rule 60(b) until their appeal is complete.

2

No. 16-40214

Appellants raise three issues: 1) whether the district court misapplied Local Rule 7.4 in granting summary judgment for Devon; 2) whether the district court properly granted summary judgment to Devon with regard to its counterclaims; and 3) whether the district court should have granted them relief on their Rule 60(b) motion.

## A.

We review a district court's grant of summary judgment de novo. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(a)). "A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Id.* (citation omitted). The court views the facts and evidence in the light most favorable to the non-moving party. *Id.* This court may affirm a grant of summary judgment on any grounds supported by the record and presented to the district court. *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).

## B.

Appellants argue that the district court misapplied S.D. Tex. Local Rule 7.4 which states that a party's failure to respond is a representation of nonopposition. Appellants correctly point out that "the moving party has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012); *see also Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (summary judgment motion cannot be granted merely because no opposition has been filed, even though a failure to respond violates a local rule).

3

No. 16-40214

But Appellants are mistaken in concluding that the district court treated their nonopposition as a default. Rather, the district court properly reviewed the evidence presented, and based on that evidence, found that Devon was entitled to judgment as a matter of law. Appellants asserted that Devon breached the JOA by failing to develop the leased land and by failing to timely plug the gas well. Devon presented evidence that the JOA did not apply to Devon because it had expired before Devon became the operator of the well. On the basis of this evidence, we agree with the district court's determination that Devon was not subject to the JOA and therefore was entitled to judgment as a matter of law with regard to Appellants' claims. Further, we agree with the district court's grant of summary judgment in favor of Devon on its counterclaims seeking recovery for Appellants' share of the plugging costs. Devon presented evidence that it paid for the plugging of the well, that Appellants owned the remaining interest, and that Appellants had not reimbursed Devon for the costs of plugging the well, triggering Appellants' liability under Texas Natural Resources Code section 89.081. We therefore find that the district court did not err in considering and granting Devon's motions for summary judgment.

C.

Appellants' substantive arguments on appeal seeking reversal of the district court's grant of summary judgment on Devon's counterclaims are waived because they failed to challenge them in the district court. It is well settled precedent in this circuit that the scope of appellate review of a summary judgment order is limited to matters presented to the district court. *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 339 (5th Cir. 2005). "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Vaughner v. Pulito,* 804 F.2d 873, 877 n. 2 (5th Cir. 1986). Appellants raised no arguments

4

No. 16-40214

in opposition to summary judgment in the district court, and we thus do not consider the arguments they advance for the first time on appeal.

D.

We do not have jurisdiction to decide whether Appellants are entitled to relief under Rule 60(b) as that question is still pending before the district court. *See Lopez Dominguez v. Gulf Coast Marine & Associates, Inc.*, 607 F.3d 1066, 1074 (5th Cir. 2010) (noting that the district court retains jurisdiction to consider and deny Rule 60(b) motions; alternatively if it indicates that it will grant the motion, the appellant can move the court of appeals for a remand.); *see also* FED. R. CIV. P. 62.1. Were the district court to deny their request for relief under Rule 60(b), Appellants could appeal that decision. *Ingraham v. United States*, 808 F.2d 1075, 1081 (5th Cir. 1987) ("Because the 60(b) motion may be separately considered pending appeal, a denial of such a motion while the appeal of the judgment is pending, is itself separately appealable."). But until then, their 60(b) motion is unripe for review.

\*\*\*

For the foregoing reasons, we AFFIRM the district court judgment. The district court is now free to rule on Appellants' Rule 60(b) motion.