# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2016

Lyle W. Cayce
Clerk

———————

No. 15-31119

———————

M. C. MOORE, as father and next friend to minors Joyce Marie Moore, Jerry Moore, and Thelma Louise Moore; HENRY SMITH, as father and next friend to minors Bennie Smith, Charles Edward Smith, Shirley Ann Smith, and Earline Smith,

      Plaintiffs - Appellees

v.

TANGIPAHOA PARISH SCHOOL BOARD, a corporation,

      Defendant - Appellant

—————————

Appeal from the United States District Court
for the Eastern District of Louisiana

—————————

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:

The district court entered an initial injunction against Tangipahoa Parish School Board in 1967 soon after this desegregation suit was filed. In 2008, the district court granted the parties' joint motion to create the position of Chief Desegregation Implementation Officer ("CDIO") to spearhead the Board's implementation of the court's remedial orders.

In 2015, a dispute arose concerning the Board's selection of the newest CDIO. In accord with its former practice, the Board selected a candidate, Lawrence Thompson, with a master's degree and educational experience. The plaintiffs claimed that a local minister, Andrew Jackson, would be a better

No. 15-31119

choice. The Board moved in the district court for (1) approval of its candidate as CDIO, (2) elimination of the CDIO position, or (3) revision of the CDIO job description. The district court denied the motions and appointed the plaintiffs' candidate as CDIO. The Board then filed a timely notice of appeal. Later, the Board filed a motion in the district court under Federal Rule of Civil Procedure 60(b), seeking relief from the order appointing Jackson as CDIO. The Board alleged it recently discovered Jackson has a conflict of interest with the named plaintiffs that affects his suitability for the CDIO position.

A timely notice of appeal divests the district court's jurisdiction, meaning it cannot grant a party's Rule 60(b) motion unless this court remands. *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073–74 (5th Cir. 2010). Rule 12.1 of the Federal Rules of Appellate Procedure and Rule 62.1 of the Federal Rules of Civil Procedure permit a district court to state that a motion filed while a case is on appeal and which it cannot grant raises a "substantial issue." The district court so stated and indicated that if the case were remanded, it would determine whether a conflict of interest exists.

We REMAND for the limited purpose of allowing the district court to rule on the matter identified in its indicative order. Should the district court determine that Andrew Jackson should no longer be the CDIO, this remand does not authorize the court to make a new appointment. The district court should also make additional findings to explain its appointment of Mr. Jackson instead of Mr. Thompson.

After the district court's entry of a final ruling on the pending motion, the case should be returned to this panel, which will retain jurisdiction during the pendency of the limited remand.

2