# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2019

Lyle W. Cayce
Clerk

HARVEY LEE CLARK,

> Plaintiff - Appellant

v.

THIBODAUX CITY, and Supervisory Employees; THIBODAUX POLICE
DEPARTMENT; TOMMY ESCHETTE, Mayor; TIMOTHY WAYNE
LIPSCOMB; ROUSES ENTERPRISES; UNIDENTIFIED PARTIES, Rouses
Employees,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-2364

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

## I.

Harvey Lee Clark brought an action under 42 U.S.C. § 1983, alleging
violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment
rights.  The defendants all filed motions to dismiss pursuant Fed. R. Civ. P.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th
Cir. R. 47.5.4.

No. 19-30113

12(b)(6), which the district court granted.  The district court offered two explanations for its decision.  First, Clark failed to submit a memorandum in opposition, as required by Local Rule 7.5.  Second, the defendants' motions had merit.  Clark asked the district court to reconsider under the rationale that Clark, as a pro se litigant, was not familiar with the rules of federal procedure.  He also asked for leave to amend his complaint.  His requests were denied.

Clark appeals the district court's decision to grant the defendants' 12(b)(6) motions and, in the alternative, its refusal to allow Clark to amend his complaint.  We consider both claims and affirm.

II.

For Clark to defeat a 12(b)(6) motion, his "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations need not be detailed, but they must contain "more than labels and conclusions"—a mere "formulaic recitation of the elements of a cause of action will not do." *Id.*  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

The district court was correct to dismiss Clark's lawsuit for failure to state a claim under § 1983.  In his complaint, Clark raises allegations against five separate defendants:  Rouses Enterprises; Officer Timothy Lipscomb; the City of Thibodaux; the Thibodaux Police Department; and Tommy Eschette, Mayor of the City of Thibodaux.  His principal charge is that Officer Lipscomb and Rouses Enterprises conspired to create a false police report that resulted in him being questioned, detained, and ultimately arrested.  The remaining defendants, he contends, are all liable for the ensuing infringements of his constitutional rights under a theory of respondeat superior.

2

No. 19-30113

For clarity's sake, we will analyze the claims brought against each defendant in turn.

A.

Rouses Enterprises is a private entity.  It does not qualify for § 1983 liability unless its conduct can be "fairly attributable to the State."  *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)).  We have already determined that "[t]he execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action."  *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1078–79 (5th Cir. 1985).  The plaintiff would need to show, in addition, that the police were conducting an arrest pursuant to "a preconceived plan" merely because the plaintiff was designated for arrest by the private party, without independent investigation.  *Id.*  Clark's complaint does not allege facts along these lines.  He therefore has not stated grounds upon which this court may grant relief.

B.

Officer Lipscomb, in contrast, is a government official.  He is being sued in both his individual and official capacities and has asserted qualified immunity in response.  It is well established that in such situations, the court will consider individual capacity claims under a heightened standard.  *See Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).  As such, Clark must plead with "factual detail and particularity" specific conduct giving rise to a constitutional violation if he is to establish personal liability.  *Id.*  Clark does not satisfy this standard.  The complaint never explains how Officer Lipscomb and Rouses Enterprises conspired together.  It never explains how the police report was false.  It never even asserts that Officer Lipscomb knew that the information contained within the police report was false.  All the

No. 19-30113

complaint does is apply a set of labels to Officer Lipscomb's actions in the hopes that this court will accept the plaintiff's characterization as true. We will not take at face value conclusionary statements posing as factual allegations. The claims against Officer Lipscomb in his individual capacity fail.

Clark's claims against Officer Lipscomb in his official capacity fare no better. The Supreme Court has stated that suits against government actors in their official capacity simply represent an alternative way of seeking relief against the entity of which an officer is an agent. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, the Court instructs us to treat such suits as a suit against the municipal body from which the governmental official derives his or her authority. *Id.* This means that to establish liability, Clark must identify a policy or custom adopted by the City of Thibodaux that was responsible for the alleged violation of federal law—the very same standard that Clark must meet to pursue his § 1983 claim against the city. *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 279–80 (5th Cir. 2015). Clark makes no mention of a policy or custom in his complaint, so his remaining claims against Officer Lipscomb fail by necessity.

C.

Municipalities cannot be held liable under § 1983 on a respondeat superior theory. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (warning that isolated unconstitutional actions by municipal employees will almost never trigger liability for the municipality). The plaintiff instead must plead that the civil rights violation occurred pursuant to some sort of policy or custom promulgated by the city. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Clark does not identify such a policy or custom in his complaint. He therefore has not stated a claim against the City of Thibodaux.

4

No. 19-30113

D.

The defendants assert that the Thibodaux Police Department is not a legal entity capable of being sued under Louisiana law. *See*, *e.g.*, *Boice-Durant v. Kenner Police Dept.*, 2013 WL 1335643, at \*1 n.5 (E.D. La. Mar. 29, 2013) (specifically finding that the Thibodaux Police Department is not a juridical entity under Louisiana law); *see also Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (stating that state law determines entity's capacity to sue and be sued).   Clark does not contest this characterization of the department's status.  Dismissal in this instance was proper.

E.

As with Officer Lipscomb, Clark brought an action against Mayor Eschette in both his individual and official capacities.  However, unlike the allegations levelled against Officer Lipscomb, it is not necessary for us to apply the two pleading standards discussed in Section II.B.  As a threshold matter, Clark must identify "defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Anderson*, 184 F.3d at 443.  Clark makes no reference of Mayor Eschette in his complaint outside of listing him as a party to the dispute.  Accordingly, the complaint fails to assert that Mayor Eschette's actions contributed to the alleged infringement of Clark's constitutional rights.  Absent this assertion, Clark is missing a key element of his claim against Mayor Eschette.

III.

The district court declined to consider Clark's motion to amend his complaint because it lacked jurisdiction.  This was correct.  Clark filed his notice of appeal on the same day that he filed his motion to amend with the district court.  Once the notice of appeal was submitted, the district court was divested of its authority over the proceeding until such time as this court

5

resolves the questions before it and decides whether to remand the case back to district court. *See Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016).

In this instance, remand is not appropriate. As we explained above, Clark's complaint failed to state sufficient facts to support a claim against the defendants. Although Clark has offered to amend his complaint, he did not state how he plans on doing so outside of a general promise in his brief to fix any "technical errors." *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (requiring a movant to give the court some notice of the nature of his or her proposed amendments). The errors in his complaint, however, are substantive, not technical. And we do not believe that they can be corrected based on Clark's statements to date. *See Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (stating that leave to amend need not be granted when the amended pleadings would not withstand a motion to dismiss for failure to state a claim).

What's more, Clark had the opportunity throughout the course of this litigation to correct or amend his complaint. *See, e.g.*, FED. R. CIV. P. 15(a)(1) (a party may amend its pleadings "once as a matter of course" within 21 days after serving it or after being served a Rule 12(b) motion). He elected not to take advantage of it. Clark also had the opportunity to oppose the defendants' motions and explain to the district court why he thought that his complaint stated sufficient grounds for relief. He again failed to exercise his rights. Indeed, Clark did not comment on the defendants' motions until after the district court had already granted the first dismissal. And, then, the only argument he offered was that, as a pro se litigant, Clark could not be expected to know all the rules.

We affirm.

6