# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2022

Lyle W. Cayce
Clerk

No. 20-11171
Summary Calendar

IN THE MATTER OF: WILLIAM PAUL BURCH,

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

SELECT PORTFOLIO SERVICING, INCORPORATED,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1145

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

William Paul Burch appeals the district court's dismissal for failure to pay the filing fee of his appeal of a judgment of the bankruptcy court for the Northern District of Texas. Burch has filed a motion to remand this matter to the district court, stating that he is now able to pay the filing fee. Because the record does not establish that the district court issued a statement or indicative ruling in accordance with Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, upon which Burch relies, Burch's motion for remand is denied. *See* FED. R. APP. P. 12.1; FED. R. CIV. P. 62.1; *cf. Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016).

The motion for remand concedes that Burch does not currently meet the financial eligibility requirements to proceed IFP in this appeal. *See* FED. R. APP. P. 24(a); 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *see also Burch v. Freedom Mortg. Corp. (In re Burch)*, 835 F. App'x 741, 749 (5th Cir.), *cert. denied*, 142 S. Ct. 253 (2021), *rehearing denied*, No. 21-5069, 2021 WL 5763451 (U.S. Dec. 6, 2021). Furthermore, because Burch effectively has not identified any error in the dismissal without prejudice of his bankruptcy appeal for failing to pay the filing fee in the district court, he has not shown a nonfrivolous issue on appeal. Accordingly, the motion to proceed IFP is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; § 1915(e)(2)(B)(i).

On prior instances, we issued a sanction warning and directed Burch to review his pending appeals and withdraw any that were frivolous. *Burch v. Freedom Mortg. Corp. (In re Burch)*, 850 F. App'x 292, 294 (5th Cir. 2021); *Burch*, 835 F. App'x at 749. In a comparable recent appeal, we determined that Burch had not heeded our warnings and filed another frivolous appeal. *Burch v. America's Servicing Co. (Matter of Burch),* No. 20-11074, 2021 WL 5286563, *1 (5th Cir. Nov. 12, 2021) (unpublished). This court imposed a sanction of $100, again warned of sanctions, and once more admonished Burch to review his pending appeals and to withdraw any frivolous ones. *Id.*

No. 20-11074

Because Burch has ignored these admonishments, we conclude that an additional sanction is warranted.  Burch is hereby ordered to pay $250.00 to the clerk of this court.  The clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Burch unfiled any submissions he should make until the sanction is paid in full.  Burch is again warned that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions.  Burch is once again admonished to review any pending appeals—particularly those in which he requests leave to proceed IFP from an order dismissing his bankruptcy appeal in the district court for failure to pay the filing fee and moves in this court to remand based on new financial resources—and to withdraw any appeals that are frivolous.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; ADDITIONAL SANCTION WARNING ISSUED.