# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2022

Lyle W. Cayce
Clerk

No. 20-11040
Summary Calendar

In the Matter of: William Paul Burch,

*Debtor*,

William Paul Burch,

*Appellant*,

*versus*

Areya Holder Aurzada,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:20-CV-1050

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

William Burch appeals the dismissal of his appeal arising from a proceeding in bankruptcy court. The bankruptcy appeal was dismissed after

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11040

Burch did not pay the filing fee.

Burch has moved to remand to the district court. He asserts that he is now able to pay the filing fee because his financial situation has improved. Because the record does not establish that the district court issued a statement or indicative ruling per Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, upon which Burch relies, the motion to remand is denied. *See* FED. R. APP. P. 12.1; FED. R. CIV. P. 62.1; *cf. Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016).

Burch moves to procced *in forma pauperis* ("IFP") on appeal. To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, this court will dismiss it. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Even before Burch's concessions regarding his improved financial situation, we concluded that he was not financially eligible to proceed IFP on appeal. *See Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 293 (5th Cir. 2021). Also, his conclusional assertions effectively fail to identify any error in the dismissal of his bankruptcy appeal for failing to pay the filing fee, and he has not shown a nonfrivolous issue on appeal. *See Carson*, 689 F.2d at 586. Thus, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Because Burch failed to heed our sanctions warnings and our direction to withdraw any pending appeals that were frivolous, we imposed monetary sanctions. *Burch v. Select Portfolio Servicing, Inc. (In re Burch)*, No. 20-11171, 2022 WL 212836, *1 (5th Cir. Jan. 24, 2022) (unpublished) ($250 sanction); *Burch v. America's Servicing Co. (In re Burch)*, No. 20-11074, 2021 WL 5286563, *1 (5th Cir. Nov. 12, 2021) (unpublished) ($100 sanction). Burch,

No. 20-11040

who has paid the monetary sanctions, has repeatedly ignored our admonitions, so an additional monetary sanction is warranted. Burch is hereby ORDERED to pay $500 to the clerk of this court. The clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Burch unfiled any submissions he should make until the sanction imposed in this matter is paid in full.

We again WARN Burch that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions. Burch is once again admonished to review any pending appeals and to withdraw any that are frivolous.