# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2022

Lyle W. Cayce
Clerk

No. 20-11132
Summary Calendar

IN THE MATTER OF WILLIAM PAUL BURCH

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

AMERICA'S SERVICING COMPANY; HOMEWARD RESIDENTIAL,
INCORPORATED; OCWEN LOAN SERVICING; SELECT PORTFOLIO
SERVICING; WELLS FARGO; AREYA HOLDER; BANK OF
AMERICA; CHASE BANK OF TEXAS; FEDERAL NATIONAL
MANAGEMENT ASSOCIATION; SETERUS, INCORPORATED;
FREEDOM MORTGAGE CORPORATION; HUGHES, WATTERS &
ASKANASE, L.L.P.; LOAN CARE SERVICING CENTER;
RUSHMORE LOAN MANAGEMENT SERVICES, L.L.C.; WL ROSS
AND COMPANY, L.L.C.;

*Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1008

No. 20-11132

Before Haynes, Duncan and Engelhardt, *Circuit Judges.*
Per Curiam:*

William Paul Burch appeals from the district court's dismissal of his appeal arising from a proceeding in the bankruptcy court for the Northern District of Texas. The bankruptcy appeal was dismissed without prejudice after Burch failed to pay the required filing fee.

Burch has moved to remand the case to the district court. He asserts that he now can pay the filing fee because his financial situation has improved. Burch further seeks a remand to substitute defendants and to consolidate the district court case with another action in which he has paid the filing fee.

Also, Burch moves to proceed in forma pauperis (IFP) on appeal. To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, this court will dismiss it. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

Even before Burch's concessions regarding his improved financial situation, we concluded that he was not financially eligible to proceed IFP on appeal. *See Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 293 (5th Cir. 2021). Also, his conclusional assertions effectively fail to identify any error in the dismissal of his bankruptcy appeal for failing to pay the filing fee, and he otherwise has not shown a nonfrivolous issue on appeal. *See Carson*, 689 F.2d at 586. Thus, the motion to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. His motion to remand is denied.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11132

Because Burch failed to heed our prior sanctions warnings and our direction to withdraw any pending appeals that were frivolous, we previously imposed monetary sanctions. *Burch v. Select Portfolio Servicing, Inc. (Matter of Burch)*, No. 20-11171, 2022 WL 212836, *1 (5th Cir. Jan. 24, 2022) (unpublished) ($250 sanction); *Burch v. America's Servicing Company (Matter of Burch)*, No. 20-11074, 2021 WL 5286563, *1 (5th Cir. Nov. 12, 2021) (unpublished) ($100 sanction). Burch, who has paid the monetary sanctions, has repeatedly ignored our admonitions, and we conclude that an additional monetary sanction is warranted. Burch is hereby ordered to pay $500.00 to the clerk of this court. The clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Burch unfiled any submissions he should make until the sanction imposed in this matter is paid in full.

We again warn Burch that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions. Burch is once again admonished to review any pending appeals and to withdraw any that are frivolous.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS IMPOSED; ADDITIONAL SANCTION WARNING ISSUED.