# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2022

Lyle W. Cayce
Clerk

No. 20-11035
Summary Calendar

IN THE MATTER OF WILLIAM PAUL BURCH,

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

AREYA HOLDER AURZADA,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1051

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11035

William Paul Burch appeals from the district court's dismissal of his appeal arising from a proceeding in the bankruptcy court for the Northern District of Texas. The bankruptcy appeal was dismissed after Burch did not pay the filing fee.

Burch has moved to remand the case to the district court. He asserts that he is now able to pay the filing fee because his financial situation has improved. Because the record does not establish that the district court issued a statement or indicative ruling in accordance with Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, upon which Burch relies, his motion to remand so that he can pay the filing fee is denied. *See* Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1; *cf. Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016). His motion to consolidate this appeal with No. 20-11040 likewise is denied.

Also, Burch moves to procced in forma pauperis (IFP) on appeal. To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, this court will dismiss it. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

Even before Burch's concessions regarding his improved financial situation, we concluded that he was not financially eligible to proceed IFP on appeal. *See Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 293 (5th Cir. 2021). Also, his conclusional assertions effectively fail to identify any error in the dismissal of his bankruptcy appeal for failing to pay the filing fee, and he otherwise has not shown a nonfrivolous issue on appeal. *See Carson*, 689 F.2d at 586. Thus, the motion to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Because Burch failed to heed our prior sanctions warnings and our direction to withdraw any pending appeals that were frivolous, we previously

imposed monetary sanctions. *Burch v. Bank of America (Matter of Burch)*, No. 20-10872, 2022 WL 1164804, *1 (5th Cir. Apr. 19, 2022) (unpublished) ($500 sanction); *Burch v. Select Portfolio Servicing, Inc. (Matter of Burch)*, No. 20-11171, 2022 WL 212836, *1 (5th Cir. Jan. 24, 2022) (unpublished) ($250 sanction); *Burch v. America's Servicing Company (Matter of Burch)*, No. 20-11074, 2021 WL 5286563, *1 (5th Cir. Nov. 12, 2021) (unpublished) ($100 sanction).

We again warn Burch that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions. Burch is once again admonished to review any pending appeals and to withdraw any that are frivolous.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; ADDITIONAL SANCTION WARNING ISSUED.