# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2022

Lyle W. Cayce
Clerk

No. 21-30038
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

ANDREA FOSTER YOUNG,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-9-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Andrea Foster Young was charged with conspiring to possess 15 or more unauthorized access devices with intent to defraud. She agreed to plead guilty as part of a plea agreement. The Government asserted that Young had breached the plea agreement and moved to admit the plea agreement,

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

including the factual basis contained therein, at trial.  The district court denied the Government's motion, and the Government appealed.  *See* 18 U.S.C. § 3731.

The Government has now filed an unopposed motion for a limited remand pursuant to Federal Rule of Appellate Procedure 12.1.  The Government asserted that a new plea agreement had been signed by the parties and filed an unopposed motion to accept the agreement in the district court.  The Government requested, and the district court entered, an order requesting a limited remand from this court, in accordance with Federal Rule of Criminal Procedure 37, to address the guilty plea.  A review of the district court's order shows that it complies with the requirements of both Rule 37 and Rule 12.1.  The district court's acceptance of a guilty plea by Young would moot the current appeal.

The Government's unopposed motion is GRANTED.  We REMAND to the district court for the limited purpose of addressing the motion to accept the guilty plea.  After the district court has entered an order addressing the motion, the case shall be returned to this panel.  We retain jurisdiction during the pendency of the limited remand.  *See* FED. R. APP. P. 12.1(b); *Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016).