# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2022

Lyle W. Cayce
Clerk

No. 20-10651
Summary Calendar

---

In the Matter of William Paul Burch

*Debtor*,

William Paul Burch,

*Appellant*,

*versus*

Freedom Mortgage Corporation; Federal National
Bank Association; Seretus, Incorporated; Rushmore
Loan Management Services, L.L.C.; Loan Care Servicing
Center; JP Morgan Chase Bank, N.A.,

*Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-449

---

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

William Paul Burch appeals from the district court's without-prejudice dismissal, for failure to pay the filing fee, of his appeal of a judgment of the bankruptcy court for the Northern District of Texas. Burch has filed a motion to remand the matter to the district court, stating that he is now able to pay the filing fee because his financial situation has improved. Because the record does not establish that the district court issued a statement or indicative ruling in accordance with Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, upon which Burch relies, his motion to remand so that he can pay the filing fee is denied. *See* Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1; *cf. Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016). Burch's motion to withdraw the above motion is also denied.

Additionally, Burch moves to procced in forma pauperis (IFP) on appeal. To proceed IFP, a litigant must be economically eligible, and his appeal must not be frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). If the appeal is frivolous, this court will dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B)(i); 5th Cir. R. 42.2.

Even before Burch's concessions regarding his improved financial situation, we held that he was not financially eligible to proceed IFP on appeal. *See Burch v. Freedom Mortg. Corp. (Matter of Burch)*, 835 F. App'x 741, 749 (5th Cir.), *cert. denied*, 142 S. Ct. 253 (2021), *rehearing denied*, No. 21-5069, 2021 WL 5763451 (U.S. Dec. 6, 2021). Further, Burch's conclusional assertions of error, without cogent argument, effectively fail to identify any error in the dismissal of his bankruptcy appeal for failing to pay the filing fee, and he has not he has not shown a nonfrivolous issue on appeal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10651

*See Carson*, 689 F.2d at 586.  Accordingly, the motion to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See* § 1915(e)(2)(B)(i); 5TH CIR. R. 42.2.  Because we dismiss the appeal, we deny as unnecessary the motion for partial dismissal of the appeal filed by Freedom Mortgage Corporation.

In prior instances, we have issued sanctions warnings and directed Burch to review his pending appeals and withdraw any that were frivolous. *See, e.g., Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 294 (5th Cir. 2021); *Matter of Burch*, 835 F. App'x at 749.  Because Burch failed to heed our warnings, we previously imposed monetary sanctions.  *Burch v. Select Portfolio Servicing, Inc.* (*Matter of Burch*), No. 20-11171, 2022 WL 212836, *1 (5th Cir. Jan. 24, 2022) (unpublished) ($250 sanction); *Burch v. America's Servicing Company (Matter of Burch)*, No. 20-11074, 2021 WL 5286563, *1 (5th Cir. Nov. 12, 2021) (unpublished) ($100 sanction).

Our court recently imposed an additional $500 sanction against Burch, in *In re Burch*, No. 20-11132, 2022 WL 1402044 (5th Cir. May 4, 2022).  We again warn Burch that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of further sanctions. Burch is once again admonished to review any pending appeals and to withdraw any that are frivolous.

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; ADDITIONAL SANCTION WARNING ISSUED.